```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


DARRYL WAYNE MANCO,

                        Plaintiff,

            v.                            CASE NO.  08-3205-SAC

JOHN/JANE DOES,
et al.,

                        Defendants.
```

### O R D E R

This civil rights action has been filed as a sealed case[1] because it was submitted with plaintiff's motion seeking a protective order and to file under seal (Doc. 4). The court has considered plaintiff's motion and finds it should be denied. Plaintiff shall be given time in which to either voluntarily dismiss his complaint or permit the clerk to file his complaint, other pleadings and attachments submitted herein thus far as a part of the public record.

A party may seek leave to file a document or case under seal. However, the proper procedure is to first file a motion to file under seal, which identifies the public or private harm that would allegedly occur if the document(s) were filed of record without being sealed, and attach the document(s) sought to be filed under seal. Moreover, local court rules require that the party

---

[1] Plaintiff inserted "John Doe" as plaintiff's name in the caption on his complaint, but has not requested permission to proceed under a pseudonym, and has presented no justification for so proceeding. See Doe v. F.B.I., 218 F.R.D. 256, 258 (D.Colo. 2003)(Under FRCP 17(a), "[e]very action shall be prosecuted in the name of the real party in interest."). Since plaintiff signed his pleadings and uses his actual name in his pleadings and attachments, his name would have appeared on the filed documents had this action been electronically filed without being sealed.

seeking to file under seal provide copies of the motion and documents sought to be sealed "to all other parties in the case." Plaintiff herein has simply submitted a new complaint for filing as a John Doe plaintiff along with numerous exhibits and other pleadings, one of which is a motion for leave to file the case under seal. The court finds plaintiff has not followed the procedure set forth in the court's local rules.

The court further finds plaintiff has not set forth sufficient grounds in either his motion or his complaint to establish that this case should proceed under seal. Plaintiff's motion has been considered under the following standards. The Supreme Court has recognized a common law right of access to judicial records. <u>Nixon v. Warner Comm., Inc.</u>, 435 U.S. 589, 598 (1978). This right arises from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest." <u>See</u> <u>In re Providence Journal Co. Inc.</u>, 293 F.3d 1, 9 (1st Cir. 2002)(This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system.). The Tenth Circuit Court of Appeals upheld the following description of the public's interest:

> We begin with the fundamental presupposition that it is the responsibility of judges to avoid secrecy, in camera hearings and the concealment of the judicial process from public view . . . Courts are public institutions which exist for the public to serve the public interest. Even a superficial recognition of our judicial history compels one to recognize that secret court proceedings are anathema to a free society.

<u>M.M. v. Zavaras</u>, 139 F.3d 798, 800 (10th Cir. 1998). It is also

critical that the public be able to review the factual basis of the court's decisions and evaluate its rationale "so that it may be confident that the Court is functioning as a neutral arbiter." United States v. McVeigh, 119 F.3d 806, 814 (10th Cir. 1997).

When documents are sealed to prevent the public from gaining access to their contents, that action implicates the public's interest in monitoring the performance of the Court. Nevertheless, the public right of access to judicial process is not absolute. As federal district courts have supervisory control over their own records and files, the decision whether to allow public access to those records is left to the court's sound discretion. See Nixon, 435 U.S. at 599 (It is within the district court's discretion to determine whether a particular court document should be sealed.). In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof. There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor nondisclosure. See McVeigh, 119 F.3d at 811. Documents should be sealed only on the basis of facts articulated to the court, not on the basis of unsupported conjecture. The party bringing a motion to seal has the burden of showing that the interest in secrecy outweighs the presumption of public access. See Doe v. F.B.I., 218 F.R.D. at 259. Only in the rarest of cases is the sealing of documents appropriate-for example, cases involving intensely personal issues such as abortion or birth

3

control, or cases pertaining to the welfare of abandoned or illegitimate children.  See id., at 259.  A court is justified in denying access where court files might become a vehicle for some improper purpose.  Nixon, 435 U.S. at 598.

In Bryan v. Eichenwald, 191 F.R.D. 650 (D. Kan. 2000), Judge Rushfelt reviewed the standards that apply when parties in this district seek to file pretrial motions under seal.  The judge reviewed cases in both the discovery and non-discovery context, and determined that:

> To protect the interest of the public, parties seeking to seal documents relating to discovery must demonstrate good cause for such action.  Good cause to override the public's interest in the case by sealing a part or the whole of the record of the case generally does not exist unless a property or privacy interest of a litigant predominates the case.
>
> * * *
>
> At whatever stage of the litigation, however, the movant must demonstrate a public or private harm sufficient to overcome the public's right of access to judicial records.

Id. at 652-53; see also Williams v. Sprint/United Management Co., 222 F.R.D. 483, 488-89 (D.Kan. 2004).  "Courts in this district have refused to allow protective orders which permit any party to file documents under seal without first filing a motion with the court and identifying the public or private harm that would allegedly occur if the document were filed of record without being sealed."  Worford v. City of Topeka, Case No. 03-2450-JWL-DJW, 2004 WL 316073 (D.Kan. Feb. 17, 2004).  While the court "has broad latitude" to accord confidentiality to the parties' discovery and other preliminary proceedings," its discretion is narrower in issuing orders resolving litigation.  See e.g., Vulcan Materials

Co. v. Atofina Chemicals Inc., 355 F.Supp.2d 1214, 1216-18 (D.Kan. 2005)(noting the strong public policies supporting open access to the decisions of the courts and concluding that documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.).

Plaintiff herein does not seek simply to submit certain documents or exhibits under seal, but desires to litigate and have his entire action determined outside the public domain. Plaintiff's motion suggests that sealing is required

> "to prevent further psychological and physical injuries, as a result of plaintiff's refusal to cooperate in the defendants unlawful activities, and retaliation in the exercise of this litigation."

Plaintiff also seeks to "exempt" his entire case "from Public Record" based upon conclusory allegations that it will prevent further ridicule and harassment from KDOC staff, as well as protect other individuals who may be "unwittingly indirectly involved" with the atrocities of defendants, and for the protection of "other victims."

Plaintiff also alleges in his motion that he has been forced to go on hunger strikes "to secure his communications," and that he previously sent exhibits to this court showing exhaustion of administrative remedies[2]. However, these allegations are not

---

[2] Plaintiff did indeed send documents to this court before this action was filed that were attached to correspondence directed to the clerk. It was unclear whether he wanted these attachments, received on August 4, 2008, to be filed in his only pending case at the time, Case No. 07-3184, since it is a habeas corpus action to which they appeared to have no relevance. The court instructed the clerk to inform Mr. Manco that these materials would not be filed until he provided clear directions, submitted a new complaint on forms provided by the court, or sent a page with the caption of his habeas corpus action and a title of the pleading for filing the documents in his pending action. He has since filed a motion for injunctive relief in Case No. 07-3184, and indicated that the attachments sent earlier were to be considered in support of that motion. The documents received August 4, 2008, were filed as attachments to his

shown to have any bearing on his motion to seal this case.

The court finds plaintiff does not allege facts establishing significant privacy interests or threats of physical harm that could arise from disclosure of this action to the public. Plaintiff's allegations in his motion are completely conclusory. The allegations of his complaint do not provide factual support for the conclusions he states in his motion.  Plaintiff's implication that filing this action publicly could result in injury to him or others at the hands of defendants is not credible, given that his other allegations and exhibits plainly indicate defendants have long been aware of his claims and his identity.  In fact, plaintiff has already presented the main claims raised in this complaint in his prior habeas corpus action, which is a part of this court's records available to the public.  Mr. Manco simply fails to offer any compelling rationale for sealing the entirety of this case, much less any particular document or exhibit submitted herein.  The court concludes that plaintiff alleges no facts establishing an interest in privacy or a threat of harm to him or others sufficient to outweigh the public's right of access to judicial records. Accordingly, his motion for protective order and to seal this case (Doc. 4) is denied.

Plaintiff is given time to file a motion to voluntarily dismiss his complaint, if he so chooses, which would prevent its filing in the public domain.  If he does not file a motion to voluntarily dismiss in the time allotted, this action will be

---

motion in 07-3184 pursuant to his direction, have not be filed in this action, and will not be considered herein.  Plaintiff has been previously informed that he may not submit one set of documents for filing in two separate actions.

publicly filed on September 16, 2008, and proceed in the public domain.

**IT IS THEREFORE ORDERED** that plaintiff's motion for protective order and to file case under seal (Doc. 4) is denied; however, the case shall remain sealed up to and including September 15, 2008.

**IT IS FURTHER ORDERED** that plaintiff is granted to and including September 15, 2008, to file a one-page motion to voluntarily dismiss his complaint, or to provide the clerk with written permission to publicly file all documents thus far submitted herein by him. If plaintiff fails to properly respond in one of these two ways within the time allotted, this action will be unsealed and publicly filed on September 16, 2008.

**IT IS SO ORDERED.**

Dated this 28th day of August, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge